GEORGE H. GRUNDY

*v.*

IDA MAY GRUNDY.

[Decided June 20th, 1921.]

On appeal from a decree of the court of chancery.

*Mr. Walter L. McDermott* and *Benjamin Heyman*, for the appellant.

*Mr. Merritt Lane* and *Mr. Mark Townsend, Jr.*, for the respondent.

PER CURIAM.

This is a suit for divorce brought by a husband against his wife. The hearing before the court of chancery resulted in a finding that the charges of adultery alleged to have been committed by the defendant on August 24th, 1919, with one Jacob Levine, and the further charge of a like offence committed by her on September 15th, 1919, with one John F. Evans, were each of them sufficiently proved, and a decree in favor of the husband was entered accordingly.

A careful examination of the proofs submitted leads us to the conclusion that this decree cannot be supported. There was no

direct evidence of an adulterous act committed by the defendant with either of the alleged corespondents. We find nothing in the proofs which justifies the conclusion that prior to the commission of the alleged acts of infidelity the defendant had any affection for either one of these corespondents, or that her earlier association with either the one or the other was suggestive of impropriety. In this situation of the proofs the most that can be said of her conduct upon the two occasions which are made the basis of the charges against her, is that it was indiscreet and ill-advised. But, as was said by Chancellor Green, in the frequently-quoted case of *Berckmans* v. *Berckmans, 16 N. J. Eq. 122, 140:* "Mere imprudence, indiscretion or folly is not conclusive evidence of guilt. The mind of the court must be satisfied that there was an intimacy between the parties entirely inconsistent with the duty which a virtuous wife owes to herself and to her husband. The facts proven must be such as cannot be reconciled with the probability of the innocence of the parties. In order to prove adultery by circumstantial evidence, two points are to be established—the opportunity for the crime and the will to commit it. Unless both are established the court will not infer guilt." In the present case, although the opportunity was shown to exist, there is, as we think, an entire failure of proof that the will to commit the adulterous acts existed.

We conclude that for the reason indicated the decree under review should be reversed.

*For affirmance*—KALISCH—1.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER—10.